# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**NATIONWIDE GENERAL INSURANCE COMPANY**                                **PLAINTIFF**

**v.**                                                                  **No.: 1:18cv00060-M**

**MICHAEL McCOY**                                                        **DEFENDANT**

## ORDER

This cause comes before the Court on Plaintiff's *Motion for Default Judgment* [Doc. #12]. The Court has reviewed the motion, along with relevant authorities, and is now prepared to rule.

### I.  Factual Background

On April 3, 2018, Nationwide General Insurance Company commenced this action by filing its complaint against Michael McCoy. In its complaint, Nationwide states that it "issued a homeowner's policy of insurance to Defendant, specifically Policy No. 6323HO727328 . . . affording coverage to [Defendant's] property" located in Booneville, Prentiss County, Mississippi for "an effective period commencing April 3, 2017 and continuing through April 3, 2018." [Doc. #1]. In seeking coverage, Defendant submitted a completed application to Nationwide in which his response to the question "2. Have you or a member of your household been convicted of a felony in the past 10 years?" was "No". The policy issued by Nationwide to Defendant included various provisions detailing coverage and a provision dealing with concealment and fraud.

On or about September 10, 2017, a fire occurred at the Defendant's residence. Defendant later made a claim detailing the damage and loss of his home and the contents lost. Immediately, Nationwide investigated the loss. The preliminary investigation revealed that Defendant denied having any felony convictions in the past ten years, as detailed in the Policy Application and

Supplemental Application. [Doc. #1-B]. However, through a record search, Nationwide discovered "approximately fifteen (15) charges against Defendant." [Doc. #1].

Nationwide is of the opinion that "the fire was intentionally set" because "Defendant had insufficient personal income to me[e]t his financial obligations." *Id*. The home was insured in the following amounts: Dwelling–$175,289; Personal Property–$122,702; Other Structures–$17,528; and Loss of Use–$35,057.

On April 4, 2018, a summons was issued as to Defendant. On April 11, 2018, the summons was personally served on Defendant, at his residence, by Constable Sammy Henderson. A proof of service was filed with the Court on April 17, 2018.

On June 14, 2018, the Clerk of Court issued its first Notice of Default and later issued its second notice on July 17, 2018. [Doc. #4, #5].

On August 8, 2018, the Court, on its own motion, dismissed this cause without prejudice because of Plaintiff's failure to request an entry of default after two notices had been issued. On September 11, 2018, the Court granted Plaintiff's *Motion to Reinstate the Case,* [Doc. #8], and instructed the Plaintiff to follow the proper procedure for deaults. [Doc. #9]. Two days later, on September 13, 2018, Plaintiff filed its *Motion for Entry of Default*, [Doc. 10]. The Clerk of Court made an entry of default on September 20, 2018, [Doc. #11].

On September 27, 2018, Plaintiff filed this *Motion for Default Judgment* [Doc. #12]. As of the date of this motion, and this Order, Defendant has not appeared to defend this case.

## II. Standard

The Federal Rules of Civil Procedure permit the entry of a default judgment against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). However, default judgments are "generally disfavored by the law," as courts

"prefer to reach a judgment on the merits of the case, and not to terminate litigation by [a] procedural maneuver." *Shakir v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 4997100, at *2 (N.D. Miss. Aug. 20, 2015) (citing *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 275 (5th Cir. 1989)). But although the default judgment remedy is disfavored, that policy is "counterbalanced by considerations of social goals, justice and expediency[.]" *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

### III. Discussion

This Court has held that in order to properly resolve a motion for default judgment, the Court should consider three factors: "(1) whether default judgment is procedurally warranted; (2) whether the pleadings sufficiently set forth facts establishing that the movant is entitled to the relief sought; and (3) what relief, if any, the movant should receive." *Shakir*, 2015 WL 4997100, at *2 (citing *U.S. v. Giles*, 538 F.Supp.2d 990, 993 (W.D. Tex. 2008)). Ultimately, the weighing process of whether to grant a default judgment "lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

#### a. A default judgment is procedurally warranted in this case.

The Fifth Circuit has provided the following factors to consider when determining whether a default judgment is procedurally warranted: (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the Court finds that a default judgment is procedurally warranted. First, because the defendant has failed "to respond to or answer the complaint, there are not material issues of fact at issue." *Yeager v. Brand*, 2018 WL 1770485, at *2 (N.D. Miss. Apr. 12, 2018) (citing *John Perez Graphics & Design, LLC, v. Green Tree Inc. Grp., Inc.*, No. 3:12–cv–4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013)). Second, Defendants failure to respond "causes prejudice because 'failure to respond . . . threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by law.'" *Id*. Third, the grounds of default have clearly been met—defendant is in default and the clerk made an entry of default—prior to Plaintiff's motion. *See Gray v. MYRM Holdings, L.L.C.*, No. A–11–cv–180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (stating that "[u]nder Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment.") Fourth, the Court does not have in its possession any evidence to suggest that the default was caused by either a good faith mistake or excusable neglect. Fifth, the harshness that were to result from the Court's issuance of a default judgment in this case is mitigated by the fact that Defendant had ample time to respond to this motion which was filed on September 27, 2018 and present himself in this case—none of which occurred. *See Yeager*, 2018 WL 1770485, at *2 (quoting *Helena Chem. Co. v.* Alyward, No. 4:15–cv–96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016), which states that "while default judgment is a harsh remedy, any harshness is mitigated [when defendants have] had substantial time to correct the default."). Lastly, having reviewed the record, the Court is not of the opinion that it would be obliged to set aside the default on a future motion of the defendant. Therefore, having considered the various factors set out by the Fifth Circuit, this Court finds that a default judgment in the present case is procedurally warranted.

### b. The pleadings sufficiently set forth facts entitling Plaintiff to the judgment.

The Court must next determine whether awarding Nationwide the relief sought within its present motion would be appropriate. The mere fact that a default judgment is procedurally warranted does not automatically warrant an entry of default. Instead, "there must be a sufficient basis in the pleadings" establishing that the movant is entitled to such judgment. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "In light of the entry of default, Defendants are deemed to have admitted the allegations set forth in the Plaintiff's Complaint." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F.Supp.3d 809, 813 (N.D. Tex. 2015). In determining whether the pleadings provide a sufficient basis for the relief sought, the Fifth Circuit has stated that:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.;" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.ED.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 89 (1957)). The factual allegations in the complaint need only "be enough to raise a relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (footnote and citations omitted). "Detailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Here, Plaintiff asserts the following claims against the Defendant: "Material Misrepresentations/Re[s]c[i]ssion of Policy," "Breach of 'General Policy Conditions' of the Policy," and "Intentional Loss/Arson." Plaintiff requests that this Court enter an Order declaring that either (1) it is entitled to rescind the insurance policy, and that the policy is void *ab initio*, based on Defendant's material misrepresentations in the application process; or (2) it is entitled to deny the entirety of Defendant's claims because of his concealment and/or fraud; or (3) it is entitled

to deny the entirety of Defendant's claims because of his breach of "the intentional acts exclusion of the policy and/or because Defendant intentionally burned his home." Plaintiff also states that it "is entitled to other general or special relief as determined by the Court, including costs, expenses and attorneys fees."

### i. Rescission of the Insurance Policy

"Under Mississippi law, misstatements of material fact in an application for insurance provide grounds for declaring a policy issued in reliance upon thereon void *ab initio*." *GuideOne Mut. Ins. Co. v. Rock*, 2009 WL 1854452 (N.D. Miss. June 29, 2009) (citing *Jones v. Reynolds*, 2008 U.S. Dist. LEXIS 40120, *7, 2008 WL 2095679 (N.D. Miss. May 16, 2008)). "To establish that, as a matter of law, a material misrepresentation has been made in an insurance application, (1) it must contain answers that are false, incomplete, or misleading, *and* (2) the false, incomplete, or misleading answers must be material to the risk insured against or contemplated by the policy." *Carroll v. Metropolitan Ins. & Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999). "A misrepresentation in an insurance policy is material if knowledge of the true facts would have influenced a prudent insurer in determining whether to accept the risk. Stated differently, a fact is material if it might have led a prudent insurer to decline the risk, accept the risk only for an increased premium, or otherwise refuse to issue the exact policy requested by the applicant." *Id* (citations omitted).

Here, Nationwide alleges that rescission of the policy issued as to Defendant is warranted. In support of its argument, Plaintiff submits a copy of the Supplemental Application signed by Defendant on April 3, 2017. Question two of the application specifically asks: "Have you or a member of your household been convicted of a felony in the past 10 years?" As his response for questions two, Defendant marked "No." [Doc. #1–2]. However, Defendant, prior to his signing

the insurance application, had, according to Plaintiff's investigation, in fact been convicted of "approximately fifteen (15) charges," of which included "a July 18, 2011 conviction of a Class D felony for fleeing and refusal to submit to a chemical test." [Doc. #1; #1–3]. Plaintiff argues that had Defendant answered question two of the application "truthfully and accurately" then it would *not* have issued the policy to Defendant; thus, making this fact, whether Defendant had been convicted of a felony in the past ten (10) years, material as it would have led Nationwide to decline the risk and not issue an insurance policy to Defendant.

Therefore, having taken the facts in the Complaint as true, the Court finds that Defendant made material misrepresentations in his supplemental application and the policy is **void** *ab initio*.

### c. Relief

As stated above, the Court finds that the policy is void *ab initio*, therefore entitling Plaintiff to rescind the policy and deny any of Defendant's claims made under the policy. As to Plaintiff's request for costs, expenses, and attorney's fee, the Court will deny such request at this time but will consider whether such relief is warranted once Plaintiff has filed a proper motion for costs and attorney's fees. *See* Fed. R. Civ. P. 54(d).

### IV. Conclusion

For the reasons discussed above, Plaintiff's *Motion for Default Judgment* [Doc. #12] is **GRANTED**, but **DENIED** as to its request for costs, expenses and attorneys fees.

SO ORDERED, this the 4th day of March, 2019.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**